EDMUND HAUG, ASSIGNEE, ETC., v. THE THIRD NATIONAL
BANK OF DETROIT AND GEORGE MORLEY.

[See 77 Mich. 474; 81 Id. 438; 82 Id. 607.]

*Fraudulent conveyances—Evidence.*

The Court hold that the only ground open to complainant, upon
which he can establish his right to relief, is that there was
fraud in fact and collusion between complainant's assignor and
the defendant bank in the giving of the securities sought to be
set aside, and that this is not shown by the record.

Appeal from Wayne. (Reilly, J.) Argued February 17,
1893. Decided April 7, 1893.

Bill to set aside certain conveyances as fraudulent.
Complainant appeals. Decree affirmed. The facts are
stated in the opinion, and in the former reports of the
case.

*Edwin F. Conely* and *Orla B. Taylor,* for complainant.
*DeForest Paine,* for defendant bank.

McGRATH, J. This case has been before this Court on
three former occasions. *Haug v. Bank,* 77 Mich. 474;
*Third National Bank v. Circuit Judge,* 81 Id. 438; *Third
National Bank v. Haug,* 82 Id. 607. Complainant has
now amended his bill, making his assignor a party, and
prays that he be compelled to perfect complainant's title
by proper conveyances, and that the assignment of the land
contract, the real-estate mortgage, and the bills of sale of
the vessels, be declared fraudulent and void, as against
complainant and the creditors of the assignor.

How. Stat. §§ 6190, 6193, apply to mortgages or trans-
fers of chattels, and not to mortgages or conveyances of

real estate. The failure to record the land contract and mortgage did not, therefore, operate to vitiate those instruments. *Cutler v. Steele,* 93 Mich. 204.

It was expressly held in *Haug v. Bank* and in *Third National Bank v. Circuit Judge, supra,* that the complainant had no right to the vessels, as against the bank, because the assignment had not been recorded as provided by Rev. Stat. U. S. § 4192. It is not pretended that the situation in that respect has been changed. It is clear from the testimony that the assignor, when he made the assignment, intended to recognize the bank's lien upon the vessels, and did not intend to make the conveyances which it is now sought to compel him to execute. The only ground upon which complainant can now establish his right to the relief sought is that there was fraud in fact, and collusion between the assignor and the bank. This the record fails to establish.

The decree of the court below is therefore affirmed, with costs to the defendant bank.

HOOKER, C. J., LONG and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.