PALMER *v.* SMITH.

1. FRAUDULENT CONVEYANCES—ORAL GIFT OF VESSEL—VALIDITY.
    Under Rev. Stat. U. S. § 4192, providing that no bill of sale or conveyance of any vessel shall be valid against any persons other than the grantor and those having notice thereof unless the same be recorded in the office of the collector of customs, an oral gift of a vessel is void as to *bona fide* creditors of the donor.

2. SAME—HUSBAND AND WIFE.
    Property purchased by a wife with the proceeds of an insurance policy on other property conveyed to her by the husband in fraud of his creditors may be subjected in equity to the claims of such creditors.

3. SAME—INSUFFICIENCY OF REMAINING PROPERTY.
    Upon a review of the evidence, *held*, that a voluntary conveyance by a husband to his wife could not be sustained as against his creditors on the ground that he retained sufficient property to satisfy their claims.

Appeal from Wayne; Frazer, J. Submitted November 14, 1900. Decided April 25, 1901.

Bill by Jonathan Palmer, Jr., as trustee in bankruptcy of Wright D. Smith, against Lillian A. Smith, to reach property alleged to have been conveyed in fraud of creditors. From a decree for complainant, defendant appeals. Affirmed.

*Bacon & Yerkes*, for complainant.

*Ignatius J. Salliotte*, for defendant.

MONTGOMERY, C. J.   This is a bill filed by the complainant, as trustee in bankruptcy of Wright D. Smith, to reach assets consisting of a house and lot in Ecorse, and an interest in the steam barge Porter Chamberlain, claimed to have been fraudulently conveyed by the bankrupt to his wife, the defendant.

The schedule of creditors attached to the petition of Wright D. Smith shows an indebtedness to various parties aggregating $3,385.67. All of this amount, except $1,500, due F. W. Wheeler & Co., was incurred prior to the 26th of October, 1896, and the indebtedness to Wheeler & Co. was incurred March 3, 1897. On October 26, 1896, Wright D. Smith conveyed to his wife, the defendant in this case, the real estate described in the bill of complaint, situated in the township of Ecorse, Wayne county, Mich., for a consideration named in the deed of one dollar and other considerations; and it appears from the testimony of the defendant in this case that no consideration whatever was paid by her for said property.

On July 4, 1894, the defendant was married to Wright D. Smith; and she testified that, immediately after such marriage, Wright D. Smith handed to her the keys of the steam yacht Contaluta, and told her that the yacht was hers. Both the defendant and Wright D. Smith testify that no bill of sale or other writing was ever made or recorded conveying this steam yacht to the defendant. The recorded title to the yacht Contaluta remained in Wright D. Smith until the 3d of March, 1897, when he executed a bill of sale of the yacht to N. D. Carpenter, for

a consideration named therein of $10,000, which bill of sale was that day recorded in the customs office in the city of Detroit. On the same day, F. W. Wheeler & Co. conveyed to Wright D. Smith, by bill of sale, the steam barge Germania, for a consideration named therein of $15,000, which consideration consisted of the steam yacht Contaluta, and a piece of land in Windsor worth about $1,500, and a note executed by McLarty and Wright D. Smith to F. W. Wheeler & Co. for $1,500, which note constitutes a part of the debts' mentioned in the list attached to the schedule of creditors. On March 5, 1897, Wright D. Smith conveyed to the defendant the steam barge Germania for a consideration stated in said conveyance of one dollar; and defendant testified that she never paid her husband anything for this transfer. In the winter of 1898 and 1899 the steam barge Germania was burned, and the defendant collected the money for the insurance, amounting to about $9,000, and with this purchased the barge Porter Chamberlain, three-quarters of which is now owned by the defendant, and one-quarter by McLarty.

It appears from the testimony of the defendant and Wright D. Smith that the house and lot in Ecorse, which was occupied by the defendant and her husband as a homestead, the steam yacht Contaluta, and the lot in Windsor comprised all the property belonging to the said Wright D. Smith in 1896 and 1898, except his interest in the Kola Medicine Company. This company was capitalized at the sum of $25,000, of which $19,500 was claimed to have been paid in, and of which amount Wright D. Smith testified he had contributed $9,500. On October 26, 1896, the same date on which Wright D. Smith conveyed his property to his wife, a chattel mortgage was executed by the Kola Medicine Company to Wright D. Smith for the sum of $9,500, which mortgage was recorded in the city clerk's office in the city of Detroit on the day it was executed, and appears, according to the testimony of Wright D. Smith, to have been given for

$6,000 more than was due from the company to him at that time. On November 23, 1896, the mortgage for $9,500 was discharged, and another mortgage executed by the Kola Medicine Company to Wright D. Smith, for the sum of $4,183, which mortgage was recorded on the same day in the office of the city clerk of the city of Detroit. On March 27, 1897, this mortgage was foreclosed, and bid off to Charles P. Collins, at the request of Wright D. Smith, for the sum of $3,500, no part of which was paid. On April 13, 1897, Collins conveyed this property to Wright D. Smith, by bill of sale, for a consideration therein named of $3,500, which bill of sale was filed on the same day in the office of the city clerk of Detroit, at 10:55 a. m.; and on the same day Wright D. Smith executed to his mother-in-law, Anna M. Krome, a bill of sale of the same property, for a consideration therein named of $3,500, which bill of sale was recorded in the office of the city clerk of Detroit on the same day, at 10:56 o'clock a. m., one minute after the recording of the bill of sale from Collins to Smith. Smith testifies that, at the time of the conveyance of this property by him to Mrs. Krome, it was worth about $4,100, and that she paid him for this property the sum of $1,500; $1,000 being his note held by her, and $500 in cash.

The circuit judge entered a decree subjecting both items of property to the claims represented by complainant.

But two questions are discussed in the brief of defendant's counsel: *First,* whether the oral gift of the Contaluta is good as against creditors, or, rather, whether it can now be attacked; and, *second,* whether, at the time of this transfer, Wright D. Smith had available property sufficient to satisfy his creditors. Rev. Stat. U. S. §§ 4170, 4192; *Haug* v. *Bank,* 95 Mich. 249 (54 N. W. 888).

We are satisfied that the circuit judge reached the correct conclusion as to the main question. Substantially all the remaining property of Wright D. Smith consisted of stock in, or liens upon the assets of, the Kola Medicine Company. The testimony as to the value of this property

at the time of the transfer is very unsatisfactory; but enough appears to show that the business had been run at a loss, and it is significant that on the 13th day of April, 1897, about a month after the last conveyance, the entire business, which had at this time vested in Wright D. Smith, was sold for $1,500, of which $1,000 was an old debt.

Decree affirmed.

The other Justices concurred.